Conrado Leonel **NAVARIJO–CARDENAS**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70067.
Agency No. A76–704–801.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 27, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Conrado Leonel Navarijo–Cardenas, San Diego, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Donald A. Couvillon, John C. Cunningham, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

### MEMORANDUM**

Conrado Leonel Navarijo–Cardenas, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ found Navarijo–Cardenas's testimony implausible and lacking in detail because although he claimed he was forcibly recruited by the Guatemalan army, he was unable to name or describe the weapon he used, or the rank he held. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1153 (9th Cir.1999) (approving the IJ's finding that an alien's testimony was suspicious given its lack of detail); *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (upholding adverse credibility finding where applicant's testimony was implausible). Furthermore, the IJ's credibility determination was based in part on Navarijo–Cardenas's demeanor, to which we afford special deference. *See Singh–Kaur*, 183 F.3d at 1151.

The IJ also properly found that Navarijo–Cardenas's claim that he was forcibly recruited into the Guatemalan army in 1998, conflicted with a Department of State report indicating that the Guatemalan government ended its forced recruitment policy in 1994. *See id.* at 1043–44 (holding that the IJ may rely upon country reports to discredit general assertions made by the applicant).

It follows that Navarijo–Cardenas did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Navarijo–Cardenas's claim under the Convention also fails because he points to no other evidence that he could claim the IJ should have considered in making his determination. *See id.* at 1157.

Navarijo–Cardenas's contention that the BIA's summary affirmance violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.